# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR VARGAS TORRES, :
:
    Plaintiff, :
:
  v. : No. 4:16-CV-44
:
LIEUTENANT LEEDOM, : (Judge Brann)
ET AL., :
:
    Defendants. :

## MEMORANDUM OPINION

### FEBRUARY 23, 2018

## I.    BACKGROUND

Hector Vargas Torres, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon) initiated this *pro se* civil rights action. Torres alleges that while previously confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill), he was subjected to unwarranted use of excessive force during which he was repeatedly punched by correctional officers to the extent that he suffered a broken nose and teeth, as well as other injuries. Plaintiff further contends that following the alleged assault he was placed in a restraint chair for nine (9) hours for punitive reasons.

By Order dated August 9, 2017, Plaintiff's initially filed a motion for summary judgment (Doc. 59) was deemed withdrawn. On January 23, 2018, Torres' motion seeking judgment on the pleadings (Doc. 72) was deemed withdrawn for failure to file a supporting brief.

Presently pending is the Plaintiff's second motion for summary judgment. *See* Doc. 73. Defendants contend that this motion should be deemed withdrawn for Plaintiff's failure to file a statement of undisputed material facts. *See* Doc. 103, p. 2.

## II. DISCUSSION

Plaintiff argues that he is entitled to entry of summary judgment because there is no issue of genuine material fact. Torres' supporting brief generally asserts that the alleged use of excessive force and his placement in a restraint chair violated his constitutional due process rights. He indicates that relief is appropriate because the Defendants have provided "no explanation whatever" and as a result the written reports of correctional staff should not be believed over the Plaintiff's personal testimony. Doc. 74, p. 4. In support of his argument Plaintiff cites well settled case law pertaining to the due process rights enjoyed by inmates with respect to institutional disciplinary proceedings and segregated confinement.

### A. Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.,* 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in his complaint. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Instead, the non-moving party must "go beyond the

pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex,* 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**B.  Statement of Undisputed Material Facts**

Defendants contend that Torres' pending summary judgment motion should be deemed withdrawn for his failure to file a statement of undisputed material facts.

M.D. Pa. Local Rule 56.1 requires a party seeking entry of summary judgment to submit a separate, short, and concise statement of the material facts in numbered paragraphs as to which the moving party contends there is no genuine issue to be tried. The statement should include references to the part of the record

that supports the statements.

Torres has filed a brief (Doc. 74) and an affidavit (Doc. 75) in support of his pending summary judgment motion. However, a review of the docket shows that Torres has not filed the required statement of material facts nor has he sought an enlargement of time in which to do so.

It is undisputed that as a *pro se* litigant, Plaintiff's filings must be afforded liberal consideration under *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants must nevertheless comply with the Federal Rules of Civil Procedure and the Local Rules of the District Court. Torres' supporting brief does include a single paragraph captioned as being a "Statement of Facts." Doc. 74, p. 1. However, this paragraph simply offers a brief conclusory statement outlining his claims and does not satisfy the requirements of Local Rule 56.1. Since Plaintiff has not submitted the required statement of material facts, it is appropriate for his summary judgment motion to be deemed withdrawn.

### C. Merits

While Plaintiff's supporting brief includes a discussion as to the applicable standards for due process claims pertaining to misconduct hearings and placement in segregation, it does not set forth any discernible argument as to why Plaintiff is entitled to summary judgment as a matter of law with respect to the merits of his

excessive force claims.

The United States Supreme Court in *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002) recognized that handcuffing an inmate to a hitching post for seven hours in a standing position, with his shirt off, subject to sunburn and scorching heat, without water or bathroom breaks while subject to taunting by correctional officers presented an Eighth Amendment violation. In *Young v. Martin, et al.*, 801 F.3d 172 (3d Cir. 2015) the United States Court of Appeals for the Third Circuit addressed the placement of a Pennsylvania state prisoner with mental health problems in a four point restraint chair for fourteen (14) hours. In *Young*, our Court of Appeals clarified that when reviewing claims involving the use of mechanical restraints district courts must analyze the case under the excessive force test. *See id.* at 177-79. *Young* also included a discussion as to the criteria which should be considered when reviewing the legality of a prolonged confinement in restraints.

Torres' pending motion fails to address the standards of conduct enunciated in *Hope* or *Young* and fails to set forth an adequate argument as to why summary judgment should be entered in his favor as a matter of law.

Torres also contends that he is entitled to entry of summary judgment because the alleged unconstitutional actions of correctional staff were not corrected

by Lieutenant Leedom on administrative appeal and during the course of his supervisory duties. *See* Doc. 74, p. 5.

First, the civil rights claims against Lieutenant Leedom cannot be premised on a theory of *respondeat superior.* *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode,* 845 F.2d at 1207.

Based upon an application of this standard, Plaintiff's motion, to the extent that it seeks to establish entitlement to summary judgment against Defendant Leedom under a theory of *respondeat superior*, lacks merit.

Furthermore, prisoners have no constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Speight v. Sims*, No. 08-

2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Consequently, any attempt by Plaintiff to obtain entry of summary judgment against Lieutenant Leedom based upon the handling of an administrative grievance or complaint does not support a constitutional claim. *See also Alexander v. Gennarini*, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor-El v. Kelly*, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Since Plaintiff has failed to submit a statement of material facts as required by Local Rule 56.1, and his motion offers no basis as to why he is entitled to entry of summary judgment, his motion (Doc. 73) is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge